UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY YANOW <br> 2552 Verde Oak Dr. <br> Los Angeles, CA 90068 <br><br> Petitioner, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary <br> U.S. Department of Homeland Security <br> 425 Murray Drive, Building 410 <br> Washington, DC 20528 <br><br> EMILIO T. GONZALEZ, Director <br> U.S. Citizenship and Immigration Services <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> CHRISTINA POULOS, Acting Director <br> US Citizenship & Immigration Services <br> California Service Center <br> P.O. Box 10090 <br> Laguna Niguel, CA 92607-1009 <br><br> Respondents. | Civ. No. |

**PETITION FOR A WRIT OF MANDAMUS**

1. This action is brought against the respondents to compel action on an Application to Replace Alien Registration Card, Form I-90 (the "Application") properly filed by the petitioner and received by the respondent, the United States Department of Homeland Security's (DHS) United States Citizenship and Immigration Services (formerly the Immigration and Nationalization Service) (CIS), on November 6, 2003. (Tab 2.) The Application remains within the jurisdiction of the respondents, who have improperly withheld action on the petitioner's application for two and a half years to the detriment of the rights and privileges of the petitioner.

## I. JURISDICTION

2. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges and immunities secured to petitioner, by which statutes jurisdiction is conferred, to compel defendant to perform a duty that defendant owes to petitioner. Jurisdiction is also conferred by 5 U.S.C. § 704 (the Administrative Procedures Act).

## II. VENUE

3. Venue is proper under 28 U.S.C. §1391(e) because the principal respondent, Michael Chertoff, is being sued in his official capacity as Secretary of the Department of Homeland Security, a United States federal agency and resident in this district. That petitioner filed his I-90 Application which is the subject of this suit with the respondent DHS's California CIS Service

Center is of no import in deciding venue, as all I-90 applications, regardless of the residence of the applicant, must be filed in California. (Tab 15). DHS dictates that all I-90 applications must be filed in California. Because national policy is formulated by DHS, and implemented by CIS in Washington, D.C., and both are Federal agencies, venue is proper in Washington DC.

### III. PARTIES

4. PETITIONER, Mr. Anthony Yanow, a Canadian citizen and lawful permanent resident of the United States (permanent resident number A79-532-274) since March 13, 2002 (Tab 1), is statutorily entitled to have his Permanent Resident Card (or "Green Card") replaced. *See* 8 CFR § 264.5 (2006). In fact, petitioner is by law "required" to file for a replacement card "when the previous card has been lost, stolen, or destroyed." Id. *at* § 264.5(b)(1). Petitioner misplaced his Green Card on or about October or November 2003 and immediately filed for a replacement card in November of 2003. (Tab 2).

5. Petitioner is greatly and irreversibly damaged by the failure of the Respondent to adjudicate his Application. Petitioner requires immediate adjudication of his Application for a Green Card because he is legally entitled to it and to resume his ability to travel to and return from abroad.

6. Respondents, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS"); EMILIO T. GONZALEZ, Director, U.S. Citizenship & Immigration Services (CIS); and CHRISTINA POULOS, Acting Director of U.S. Citizenship and Immigration Services California Service Center (CSC), are charged by law with the statutory obligation to adjudicate

I-90 Applications. 8 CFR § 265.5(e)(2)(i). The DHS and the CSC of the United Citizenship and Immigration Services received petitioner's Application and have jurisdiction over his case. USCIS is the agency of the U.S. Department of Homeland Security responsible for adjudicating I-90 applications under the Immigration and Nationality Act and has the sole authority to do so under 8 CFR § 265.5(e)(2)(i). The respondent officials of USCIS referred to herein also include its predecessor organization known as the U.S. Immigration and Naturalization Service.

### IV.   FACTS OF THE CASE

7. Petitioner is a native and citizen of Canada. He has lived in the United States since 1999 and is currently the Managing Director and Chief Executive Officer of MDC Partner, LLC (Music.com), in Los Angeles, California. He was granted lawful permanent residence status on March 13, 2002 as the beneficiary of an immigrant petition. (Tab 1.) Petitioner has a three year old, US citizen daughter, who he has joint custody over with his former wife. Petitioner is currently engaged to a US citizen.

8. On February 20, 2003, petitioner was indicted, not convicted, for violating 21 USC § 863, making it unlawful to use the mails or any other facility of interstate commerce to transport drug paraphernalia and/or to sell or offer to sell drug paraphernalia. 21 USC § 863. (*See* Tab 4, Docket Sheet).

9. On or about October or November 2003, Petitioner's green card was lost when his former wife accidentally misplaced it. Since then he has been unable to travel, severely impeding both his

ability to properly represent his company overseas, and causing him to be unable to visit family in Canada, including an ailing grandmother.

10. On November 6, 2003, petitioner properly filed an I-90 Application to Replace Permanent Resident Card, Form I-90 (the "Application") with DHS/CIS. (Tab 2.)

11. On November 24, 2004, the CIS issued a Request for Evidence (RFE) in response to petitioner's I-90 application. (Tab 3.) The RFE stated that "USCIS records show that that you have police records or immigration records. If you have been arrested or convicted, please submit certified copies of all arrest reports and any final court dispositions on all court cases." Id. Petitioner was given until February 27, 2005 to submit the requested information. Id.

12. On February 9, 2005, petitioner, through counsel, timely responded to the CSC's RFE by submitting evidence of his criminal case and that is was pending. (Tab 4.) Petitioner correctly noted in his submission that, he had not been convicted of any crime and that therefore his permanent residence status was not subject to challenge. Id. Petitioner also enclosed a copy of the complaint and Docket Sheet in his criminal case as further evidence that his case was still pending. Id.

13. On September 15, 2005, petitioner signed a Waiver of Indictment acknowledging that he caused to be delivered by mail a "nonmailable" item in violation of Title 18, USC , §§ 2, 1716(a) and (j)(1). (Tab 5.)

14. On September 20, 2005, the United States District Court for the District of Ohio issued a Judgment in a Criminal Case sentencing petitioner to probation for a term of 2 years for violation of the above statute. (Tab 6.)

15. On October 25, 2005, in light of the new development in his case, Petitioner sent a letter to DHS/CIS supplementing his February 9, 2005 response to the Request for Evidence. (Tab 7.) Petitioner submitted a certified copy of the disposition of Petitioner's criminal case showing that he was convicted of mailing prohibited items and aiding and abetting the same in violation of 18 USC § 2, § 176(a) and (j)(1). Id. Petitioner, through Counsel, provided DHS/CIS with ample legal authority which confirms he is neither removable under 8 USC § 1227 or inadmissible under 8 USC § 1182 due to this conviction.

16. On or about the beginning of November 2005, in response to Petitioner' supplementary submission, CSC sent a letter to Petitioner directing him to submit inquiries via a new email system. (Tab 8.)

17. On November 9, 2005, petitioner wrote the DHS/CIS explaining that his October 25, 2005 submission was not an "inquiry" but instead a "supplementary RFE response" and requesting that the documents be matched to petitioner's file as soon as possible. (Tab 9.)

18. On December 13, 2005, petitioner sent a second email to the DHS/CIS requesting that his response be matched to his file as soon as possible and requesting a response to the November 9, 2005 email. (Tab 10.)

19. On December 21, 2005, DHS/CIS responded to petitioner's inquires stating that "Processing of your case has been delayed…Until the background investigation is completed, we cannot move forward on your case." (Tab 11.)

20. On February 9, 2006, petitioner made a third inquiry to DHS/CIS. (Tab 12.) To date, no response was received.

21. In additional efforts to have petitioner's Application adjudicated, Petitioner's counsel, also made inquiries to the California Service Center Liaison of the American Immigration Lawyers Association. (Tab 13.) To date these inquiries have also gone unanswered.

22. The DHS/CIS processing dates as of May 8, 2006, show that the CSC is currently processing I-90 Applications submitted on February 23, 2006. (Tab 14.) Petitioner's Application is pending since November 2003. (Tab 2.) This is unacceptable and unwarranted.

## V. PETITIONER IS ABLE TO ESTABLISH ALL THE ELEMENTS OF A SUCCESFUL MANDAMUS ACTION

A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002). Respondent easily meets all three of these criteria.

### *A.*   *Petitioner has a Clear Right to the Relief Requested*

23. Respondent willfully and unreasonably has refused to adjudicate petitioner's Application to Replace his Permanent Residence card for two and a half years, thereby depriving petitioner of his right under 8 CFR § 264.5 and his right of being lawfully accorded the privileges of permanently residing in the United States. These rights include the ability to accept employment and to travel in and out of the United States freely and without delay. 8 CFR §§ 211.1(a) and 274a.12(a)(1). Moreover, because petitioner is a lawful permanent resident of the United States, any possible immigration consequences which may flow from his conviction do not change his status as a permanent resident, nor do they subject the petitioner to removal. See Matter of Lok, 18 I&N Dec. 101 (1981) (deeming the lawful permanent resident status of an alien to end only with the entry of a final administrative order of deportation--generally, when the Board renders its decision in the case upon appeal or certification or, where no appeal to the Board is taken, when appeal is waived or the time allotted for appeal has expired.)  Petitioner is legally entitled to have his permanent resident card renewed under 8 CFR § 264.5.

24. Petitioner has a clear right to have his green card replaced because he has not been convicted of a crime of moral turpitude as defined under the immigration laws. *See* INA § 237 (a)(2)(A); 8 USC § 1182(a)(2)(A)(i)(I). A crime of moral turpitude "refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general…" <u>Matter of Franklin</u>, 20 I&N Dec. 867, 868 (BIA 1994). Persons convicted of a crime of moral turpitude, or who admit committing acts which constitute the essential elements of a crime of moral turpitude are inadmissible to the United States. INA § 212(a)(2)(A)(i)(I); INA § 237 (a)(2)(A); 8 USC § 1182(a)(2)(A)(i)(I).

25. Petitioner was convicted of mailing prohibited items and aiding and abetting the same in violation of 18 USC §2, §1716(a) and (j)(1). Tab 6. The offense of mailing "nonmailable" materials, does not involve moral turpitude. <u>See</u> <u>In the Matter of D</u>, 1 I&N Dec. 190, 195 (BIA 1942) (mailing an obscene letter through the US mails is not a crime of moral turpitude because this would require "a malicious motive" or a "corrupt mind"); <u>See also</u> <u>Matter of Franklin</u>, 20 I&N Dec. 867 (BIA 1994); <u>Matter of Khourn</u>, 21 I&N Dec. 1041 (BIA 1997); <u>Matter of L-V-C</u>, 22 I&N Dec. 594 (BIA 1999). Mailing prohibited materials clearly does not require evil intent, an element required to commit a crime of moral turpitude. Instead, these are regulatory laws, and violations of regulatory laws do not involve moral turpitude and therefore do not lead to inadmissibility or deportability. <u>Matter of L-V-C</u>, <u>supra</u>; <u>See also</u> INA §§ 212(a)(2) and 237(a)(2). Because petitioner was not convicted of a crime or moral turpitude, he is not inadmissible to the United States and is eligible for a replacement green card. <u>See</u>, 8 USC §§ 1182 and 1227 <u>et</u> <u>seq</u>.

26. Petitioner also has a clear right to a new green card under the Federal Regulations. 8 CFR § 264(b) states that "When the previous card has been lost, stolen, or destroyed" the Permanent Resident is "required to file" for a replacement Permanent Resident Card. In fact, while an I-90 Application is pending, the Department of Homeland Security must promptly provide an unambiguous temporary substitute or replacement. Etuk v. Blackman, 748 F.Supp 990 (1990 E.D.N.Y.) *aff'd sub nom.* Etuck v. Slattery, 936 F.2d 1433 (2nd Cir, 1991).

27. Given that petitioner is a lawful permanent resident, whose status has not been terminated, Petitioner's I-90 Application must be adjudicated and granted immediately. This would be the case even if he were removable or inadmissible, which in fact he is not. See Matter of Lok, 18 I&N Dec. 101 (1981) *cited supra* p. 8. Because petitioner's period of lawful permanent residence in this country has not been terminated by administrative order or otherwise, petitioner is a Lawful Permanent Resident and his long-standing I-90 Application must be approved immediately.

**B.**   ***The Respondents have a Clear Duty to Perform the Act in Question***

28. This Writ of Mandamus should be granted because respondents owe petitioner the duty to act upon his request for adjudication of his long-pending I-90 Application. See Donovan v. United States, 580 F.2d 1203, 1208 (3rd Cir. 1978)(holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government

official who refuses to act.) Under the Regulations, the DHS's CIS has a clear duty to adjudicate such applications. 8 CFR § 264.5(c)(2)(i). As here, where the Government has failed to take any action, the Court may order the defendant to adjudicate an application or petition. See e.g., Iddir. v INS, 301 F.3d 492, 500 (7th Cir. 2002)(duty to adjudicate applications under the diversity lottery program); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997)(duty to adjudicate visa application).

29. Mandamus is also appropriate because the government has failed to act within a reasonable amount of time. See Kim v. Ashcroft, 340 F. Supp.2d 384 (2004 S.D.N.Y) (noting that section 555(b) of the Administrative Procedures Act (the "APA") requires the Government to act within a reasonable period of time). Petitioner has waited for two and half years to have his I-90 Application adjudicated. What is more, he has responded promptly to respondent's RFEs and he has sent numerous status inquires, all to no avail. The DHS/CIS's own processing dates, last posted May 8, 2006 on their official web site, state that I-90 Applications with receipt notice dates of February 23, 2006 are now being adjudicated. (Tab 14). Again, petitioner has responded to all requests for evidence and has proven that he qualified for a replacement card. (Tab 4 & 7). That petitioner's Application is pending since November of 2003 is unreasonable and unacceptable.

30. Because the respondents have a clear duty to adjudicate petitioner's I-90 Application and because the DHS has failed to act within a reasonable period of time, the Court may order the respondents to promptly adjudicate said I-90 Application.

### C.   *No other Adequate Remedy is Available to the Petitioner*

31. The Writ of Mandamus must be granted because petitioner has no alternative means to attain adjudication of his Application and his right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon Inc., 449 U.S. 33, 35 (1980). Other than through the Department of Homeland Security and Citizenship and Immigration Services, petitioner has no other means through which to have his Application adjudicated. Throughout the last two years, petitioner, through counsel, has utilized all administrative means available to him, including numerous direct inquiries to the CSC and inquiries to the CSC Liaison (*See* Tab 9-13), to procure an answer from the Respondent. This has been to no avail. Because no other adequate remedy is available to the petitioner, the Court may order respondents to adjudicate and grant said Application.

### VI.   PRAYER

Petitioner prays that this Honorable Court:

32. Compel Respondent and those acting under him to perform their duty to adjudicate and approve Petitioner's I-90 Application to Replace Alien Registration Card;

33. Grant such other and further relief as this Court deems proper under the circumstances; and

34. Grant attorney's fees and costs of court.

Respectfully submitted this, the 23rd day of May 2006.

**MAGGIO & KATTAR**

/s/ Michael Maggio

Michael Maggio, Esq.
Maggio Kattar P.C.
11 Dupont Circle, NW  Suite 775
Washington, D.C. 20036
Tel: (202)483-0053
D.C. Bar Number: 254094

/s/ Andres Benach

Andres Benach, Esq.
Maggio Kattar P.C.
11 Dupont Circle, NW  Suite 775
Washington, D.C. 20036
Tel: (202)483-0053

/s/ Sandra Grossman

Sandra Grossman, Esq.
Maggio Kattar P.C.
11 Dupont Circle, NW  Suite 775
Washington, D.C. 20036
Tel: (202)483-0053

## LIST OF ATTACHMENTS

*Exhibit A:*     Copies of all documents relevant to this case and mentioned above.

## EXHIBIT A

| | |
|---|---|
| **Tab 1:** | March 13, 2002: Lawful Permanent Residence Status granted by California Service Center (CSC) |
| **Tab 2:** | November 6, 2003: I-90 Application to Replace Green Card received by CSC |
| **Tab 3:** | November 24, 2004: Request for Further Evidence (RFE) issued by CSC in response to the I-90 application. Respondent's state that "USCIS records show that that you have police records or immigration records. If you have been arrested or convicted, please submit certified copies of all arrest reports and any final court dispositions on all court cases." Petitioner is given until February 27, 2005 to submit the requested information. |
| **Tab 4:** | February 9, 2005: Petitioner's response to CSC Request for Further Evidence. Response encloses a copy of the complaint in Petitioner's pending criminal case showing that Petitioner has not been convicted and that therefore his permanent residence status is not subject to challenge. |
| **Tab 5:** | September 15, 2005: Petitioner signs Waiver of Indictment acknowledging that he caused to be delivered by mail a nonmailable item in violation of Title 18, United States Code, §§ 2, 1716(a) and (j)(1). |
| **Tab 6:** | September 20, 2005: United States District Court, District of Ohio, Judgment in a Criminal Case sentencing Petitioner to probation for a term of 2 years. |
| **Tab 7:** | October 25, 2005: Petitioner's letter to CSC supplementing February 9, 2005 response to the Request for Further Evidence. Included is a certified copy of the disposition of Petitioner's Criminal case. Petitioner is convicted of mailing prohibited items and aiding and abetting the same in violation of 18 USC § 2, § 176(a) and (j)(1). |
| **Tab 8:** | Undated: Letter from USCIS-CSC confirming Petitioner's inquiries and directing Petitioner to submit inquiries via a new email system. The Letter notes that "responses [to email inquiries] can be expected within 30 days." |
| **Tab 9:** | November 9, 2005: Petitioner's first inquiry to the CSC & request that the supplementary RFE response be matched to Petitioner's file as soon as possible. |
| **Tab 10:** | December 13, 2005: Petitioner's second inquiry to the CSC |
| **Tab 11:** | December 21, 2005: CSC response to Petitioner's Inquiry's stating that "Processing of your case has been delayed…Until the background investigation is completed, we cannot move forward on your case." |

| | | |
|---|---|---|
| **Tab 12:** | February 9, 2006: | Petitioner's third inquiry to the CSC. |
| **Tab 13:** | February 9, 2006: | Receipt Notice for Petitioner's inquiry to the CSC Liaison & Petitioner's follow up email stating that no reply was received from the American Immigration Lawyers Association Liaison committee member. |
| **Tab 14:** | May 8, 2006: | CSC Processing Dates for I-90 Applications showing that Applications from February 23, 2006 are currently being processed. |
| **Tab 15:** | | US Citizenship & Immigration Services: Instructions for I-90 Application. |