

**MAGGIO KATTAR**

Immigration
and
Nationality Attorneys

ll Dupont Circle, NW
Suite 775
Washington, DC 20036

202.483.0053 tel
202.483.6801 fax
www.maggio-kattar.com

*VIA FEDERAL EXPRESS*
*8542 2139 1980*

FILE COPY

October 25, 2005

Our File No.: 04-073

Department of Homeland Security
United States Citizenship and Immigration Services (CIS)
California Service Center
24000 Avila Road, 2nd Floor, Room 2302
Laguna Niguel, CA 92677

RE:    Anthony YANOW
       A79 532 274
       Receipt No.:   WAC 0480017977

Dear Sir or Madam:

This letter supplements our letter of February 9, 2005 sent in response to your request for evidence of the disposition of criminal charges regarding our client Anthony Yanow's pending I-90 application for a new permanent resident card. In this regard, transmitted herewith is a certified copy of the disposition of Mr. Yanow's criminal case and a copy of the statutes involved.

As you can see, Mr. Yanow has been convicted of mailing prohibited items and aiding and abetting the same in violation of 18 U.S.C. §2, §1716(a) and (j)(1). It is clear the offense of mailing "non-mailable" materials such as "reptiles," does not involve moral turpitude. Therefore Mr. Yanow is neither deportable nor inadmissible. *See Matter of B-3* I&N Dec. 27 (BIA 1948) (possession of stolen mail does not involve moral turpitude); *Matter of Franklin*, 20 I&N Dec. 867 (BIA 1994); *Matter of Khourn*, 21 I&N Dec. 1041 (BIA 1997); *Matter of L-V-C 22* I&N Dec. 594 (BIA 1999). Mailing prohibited materials clearly does not require evil intent. Instead, these are regulatory laws, and violations of regulatory laws do not involve moral turpitude and therefore do not lead to inadmissibility or deportability. *Matter of L-V-C, supra; Ghondiashun v. INS* § F. 3d. 645 (9th Cir. 1993). *See,* also, INA §§ 212(a)(2) and 237(a)(2).

As this fully responds to your request for evidence and as this evidence shows that Mr. Yanow is clearly neither deportable nor inadmissible, kindly send him his permanent resident card.



U.S. Citizenship and Immigration Services (CIS)
October 25, 2005
Page 2 of 2

Our firm's Notice of Entry of Appearance, Form G-28, your official request for evidence, and our initial response are also enclosed.

MAGGIO KATTAR

Michael Maggio

cc:      Anthony Yanow
Enclosed:      As Stated (4).

09-23-2005   10:47am   From-                                                      T-888   P.001/005   F-108

&AO 245B   (Rev. 12/03) Judgment in a Crimin.   Je
Sheet 1

# UNITED STATES DISTRICT COURT

<u>NORTHERN</u>   District of   <u>OHIO</u>

| UNITED STATES OF AMERICA | *JUDGMENT IN A CRIMINAL CASE* |
|---|---|
| V. | |
| | Case Number:   4:05CR457 |
| ANTHONY YANOW | USM Number: |
| | <u>ALBERT GUILIANI</u> |
| | Defendant's Attorney |

## THE DEFENDANT:

X  pleaded guilty to count(s)   <u>ONE OF THE INFORMATION</u>

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2, 1716(a) and (j)(1) | Mailing of prohibited items and aiding and abetting | 10/9/2002 | 1 |

        The defendant is sentenced as provided in pages 2 through ____5____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   x is   ☐ are  dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 20, 2005
Date of Imposition of Judgment

/S/SOLOMON OLIVER, JR.
Signature of Judge

Solomon Oliver, Jr. - United States District Judge
Name and Title of Judge

September 22, 2005
Date

I hereby certify that this instrument
document no. 10, filed on 9/22/05, is a true
and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:
Deputy Clerk

AO 245B    (Rev. 12/03) Judgment in a Criminal
           Sheet 4—Probation

DEFENDANT:      ANTHONY YANOW                          Judgment—Page   2   of   5
CASE NUMBER:    4:05CR457

# PROBATION

The defendant is hereby sentenced to probation for a term of:
2 YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
    student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
     each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled
     substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 4C — Probation

DEFENDANT:      ANTHONY YANOW
CASE NUMBER:    4:05CR457

## SPECIAL CONDITIONS OF SUPERVISION

_____  The defendant shall provide the probation officer with access to any requested financial information.

_____  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

_____  The defendant shall reside in a community treatment center, halfway house, or similar facility of a period of _____ days/months to begin not later than _____. (Work/medical release privileges granted).

_____  The defendant shall participate in the Home Confinement Program with electronic monitoring for a period of 6 months, beginning immediately. The defendant is required to remain at residence unless given written permission to be elsewhere. The defendant may leave residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program. The defendant is required to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

_____  The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment of alcohol and/or drug dependency which will include testing to determine if the defendant has reverted to the use of alcohol and/or drugs.

_____  The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.

_____  The defendant shall surrender to U.S. Immigration and Naturalization Service for deportation as provided by law, and shall not illegally re-enter or remain in the United States.

_____  The defendant is committed to the custody of the Bureau of Prisons for _____ months. It is recommended that the Comprehensive Sanctions Center be designated as the place of confinement.

_____  The defendant shall not associate with any members of the _____ gang or any other gang or threat group as directed by the probation officer.

_____  The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purposes of conducting a more through inspection and will consent to having installed on your computer(s), at your expense, any hardware/software to monitor your computer use or prevent access to particular materials. The defendant consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

_____  The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by you; and your Internet Service Provider(s) and will abide by all rules of the Computer Restriction and Monitoring Program.

_____  The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation, the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

_____  The defendant shall perform _____ hours of community service as directed by the Probation Officer.

_____  The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

_____  The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 4 | of | 5 |

DEFENDANT:        ANTHONY YANOW
CASE NUMBER:      4:05CR457

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 25 | $ -0- | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

09-23-2005  10:48am  From-                                                         T-888  P.005/005  F-108

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: | ANTHONY YANOW |
| CASE NUMBER: | 4:05CR457 |

Judgment — Page ___5___ of ___5___

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance    ☐ C,  ☐ D,  ☐  E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

      A special assessment of $75 is due in full immediately as to count 1of the information.

      **PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

note preceding

turns to in-

er or employ-
ccount to any
false entry in
by law or the
to be kept in
ny post office
r the purpose
sation or the
employee in a

r or employee
he purpose of
sation of his
any person to
ly manner for
r employee is
roperly maila-

nprisoned not

12, 1970, Pub.L.
1, 1994, Pub.L.
tat. 2147.)

**NOTES**

effective within
hed therefor by
see section 15(a)
e note preceding

 without pay

e of the Postal
having prev-
shall be fined

12, 1970, Pub.L.
3, 1994, Pub.L.
tat. 2147.)

**NOTES**

5 effective with
hed therefor by
es Postal Ser
see section
e note pre

**[§ 1714.** Repealed. Pub.L. 101–647, Title XII, § 1210(b), Nov. 29, 1990, 104 Stat. 4832]

### HISTORICAL AND STATUTORY NOTES

Section, Act June 25, 1948, c. 645, 62 Stat. 781, prohibited information relating to foreign divorces from being conveyed through the mail, and set forth penalties for violations.

### § 1715. Firearms as nonmailable; regulations

Pistols, revolvers, and other firearms capable of being concealed on the person are nonmailable and shall not be deposited in or carried by the mails or delivered by any officer or employee of the Postal Service. Such articles may be conveyed in the mails, under such regulations as the Postal Service shall prescribe, for use in connection with their official duty, to officers of the Army, Navy, Air Force, Coast Guard, Marine Corps, or Organized Reserve Corps; to officers of the National Guard or Militia of a State, Territory, Commonwealth, Possession, or District; to officers of the United States or of a State, Territory, Commonwealth, Possession, or District whose official duty is to serve warrants of arrest or commitments; to employees of the Postal Service; to officers and employees of enforcement agencies of the United States; and to watchmen engaged in guarding the property of the United States, a State, Territory, Commonwealth, Possession, or District. Such articles also may be conveyed in the mails to manufacturers of firearms or bona fide dealers therein in customary trade shipments, including such articles for repairs or replacement of parts, from one to the other, under such regulations as the Postal Service shall prescribe.

Whoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail according to the direction thereon, or at any place to which it is directed to be delivered by the person to whom it is addressed, any pistol, revolver, or firearm declared nonmailable by this section, shall be fined under this title or imprisoned not more than two years, or both.

(June 25, 1948, c. 645, 62 Stat. 781; May 24, 1949, c. 139, § 40, 63 Stat. 95; Aug. 12, 1970, Pub.L. 91–375, § 6(j) (24), 84 Stat. 779; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, § 330016(1)(H), 108 Stat. 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, § 607(f), 110 Stat. 3511.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

1970 Acts. Amendment by Pub.L. 91–375 effective within after Aug. 12, 1970, on date established therefor by Board of Governors of the United States Postal Service published by it in the Federal Register, see section 15(a) of Pub.L. 91–375, set out as an Effective Date note preceding section 101 of Title 39, Postal Service.

**Codification of Other Laws**

Section 104 of Pub.L. 90–618 provided that:

"Nothing in this title or the amendment made thereby [amending section 921 et seq. of this title] shall be construed as modifying or affecting any provision of—

"(a) the National Firearms Act (chapter 53 of the Internal Revenue Code of 1954) [section 5801 et seq. of Title 26];

"(b) section 414 of the Mutual Security Act of 1954 (22 U.S.C.1934) [section 1934 of Title 22], as amended, relating to munitions control; or

"(c) section 1715 of title 18, United States Code [this section], relating to nonmailable firearms."

Section 904 of Pub.L. 90–351 provided that:

"Nothing in this title or amendment made thereby [enacting section 921 et seq. of this title and provisions set out as notes under section 921 of this title] shall be construed as modifying or affecting any provision of—

"(a) the National Firearms Act (chapter 53 of the Internal Revenue Code of 1954);

"(b) section 414 of the Mutual Security Act of 1954 (22 U.S.C.1934), as amended, relating to munitions control; or

"(c) section 1715 of title 18, United States Code [this section], relating to nonmailable firearms."

### § 1716. Injurious articles as nonmailable

(a) All kinds of poison, and all articles and compositions containing poison, and all poisonous animals, insects, reptiles, and all explosives, inflammable materials, infernal machines, and mechanical, chemical, or other devices or compositions which may ignite or explode, and all disease germs or scabs, and all other natural or artificial articles, compositions, or material which may kill or injure another, or injure the mails or other property, whether or not sealed as first-class matter, are nonmailable matter and shall not be conveyed in the mails or delivered from any post office or station thereof, nor by any officer or employee of the Postal Service.

(b) The Postal Service may permit the transmission in the mails, under such rules and regulations as it shall prescribe as to preparation and packing, of any such articles which are not outwardly or of their own force dangerous or injurious to life, health, or property.

(c) The Postal Service is authorized and directed to permit the transmission in the mails, under regulations to be prescribed by it, of live scorpions which are to be used for purposes of medical research or for the manufacture of antivenom. Such regulations shall include such provisions with respect to the packaging of such live scorpions for transmission in the mails as the Postal Service deems necessary or desirable for the protection of Postal Service personnel and of the public generally and for ease of handling by such personnel and by any individual connected with such research or manufacture. Nothing contained in this paragraph shall be construed to authorize the transmission in the mails of live scorpions by means of

**18 § 1716**                    CRIMINAL PROCEDURE                    **Part 1**

aircraft engaged in the carriage of passengers for compensation or hire.

(d) The transmission in the mails of poisonous drugs and medicines may be limited by the Postal Service to shipments of such articles from the manufacturer thereof or dealer therein to licensed physicians, surgeons, dentists, pharmacists, druggists, cosmetologists, barbers, and veterinarians under such rules and regulations as it shall prescribe.

(e) The transmission in the mails of poisons for scientific use, and which are not outwardly dangerous or of their own force dangerous or injurious to life, health, or property, may be limited by the Postal Service to shipments of such articles between the manufacturers thereof, dealers therein, bona fide research or experimental scientific laboratories, and such other persons who are employees of the Federal, a State, or local government, whose official duties are comprised, in whole or in part, of the use of such poisons, and who are designated by the head of the agency in which they are employed to receive or send such articles, under such rules and regulations as the Postal Service shall prescribe.

(f) All spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind are nonmailable and shall not be deposited in or carried through the mails.

(g) All knives having a blade which opens automatically (1) by hand pressure applied to a button or other device in the handle of the knife, or (2) by operation of inertia, gravity, or both, are nonmailable and shall not be deposited in or carried by the mails or delivered by any officer or employee of the Postal Service. Such knives may be conveyed in the mails, under such regulations as the Postal Service shall prescribe—

(1) to civilian or Armed Forces supply or procurement officers and employees of the Federal Government ordering, procuring, or purchasing such knives in connection with the activities of the Federal Government;

(2) to supply or procurement officers of the National Guard, the Air National Guard, or militia of a State ordering, procuring, or purchasing such knives in connection with the activities of such organizations;

(3) to supply or procurement officers or employees of any State, or any political subdivision of a State or Territory, ordering, procuring, or purchasing such knives in connection with the activities of such government; and

(4) to manufacturers of such knives or bona fide dealers therein in connection with any shipment made pursuant to an order from any person designated in paragraphs (1), (2), and (3).

The Postal Service may require, as a condition of conveying any such knife in the mails, that any person

proposing to mail such knife explain in writing to the satisfaction of the Postal Service that the mailing of such knife will not be in violation of this section.

(h) Any advertising, promotional, or sales matter which solicits or induces the mailing of anything declared nonmailable by this section is likewise nonmailable unless such matter contains wrapping or packaging instructions which are in accord with regulations promulgated by the Postal Service.

(i)(1) Any ballistic knife shall be subject to the same restrictions and penalties provided under subsection (g) for knives described in the first sentence of that subsection.

(2) As used in this subsection, the term "ballistic knife" means a knife with a detachable blade that is propelled by a spring-operated mechanism.

(j)(1) Whoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail, according to the direction thereon, or at any place at which it is directed to be delivered by the person to whom it is addressed, anything declared nonmailable by this section, unless in accordance with the rules and regulations authorized to be prescribed by the Postal Service, shall be fined under this title or imprisoned not more than one year, or both.

(2) Whoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail according to the direction thereon or at any place to which it is directed to be delivered by the person to whom it is addressed, anything declared nonmailable by this section, whether or not transmitted in accordance with the rules and regulations authorized to be prescribed by the Postal Service, with intent to kill or injure another, or injure the mails or other property, shall be fined under this title or imprisoned not more than twenty years, or both.

(3) Whoever is convicted of any crime prohibited by this section, which has resulted in the death of any person, shall be subject also to the death penalty or imprisonment for life.

(k) For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(June 25, 1948, c. 645, 62 Stat. 781; May 8, 1952, c. 254, Stat. 67; June 29, 1955, c. 224, 69 Stat. 191; Sept. 7, 1957, Pub.L. 85–268, 71 Stat. 594; Aug. 12, 1958, Pub.L. 85–623, § 5, 72 Stat. 562; Aug. 12, 1970, Pub.L. 91–375, § 6(j)(14), Stat. 779; Dec. 15, 1971, Pub.L. 92–191, § 1, 85 Stat. 647; Oct. 27, 1986, Pub.L. 99–570, Title X, § 10009(a), 100 Stat. 3207–167; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, § 60003(a)(7), Title XXXIII, § 330016(1)(H), 108 Stat. 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, § 601(f)(7), 110 Stat. 3511; Nov. 2, 2002, Pub.L. 107–273, Div. B, Title IV, § 4002(b)(2), (6), 116 Stat. 1807.)

Part 1 · Ch. 1 · CRIMES · 18 § 3

out as notes under 18 3553, 21 U.S.C.A. § 801, U.S.C.A. §§ 5119a, 5601, secutorial Remedies and of Children Today Act of

–273, Div. B, Title IV, 06, provided that: "This 175b, 205, 247, 281, 372, 929, 981, 982, 1005, 1029, 1345, 1368, 1425 to 1427, 1, 1836, 1920, 1924, 1956, , 2254, 2311, 2332d, 2339, 6, 2703, 2707, 3183, 3241, 664 and 4104, 21 U.S.C.A. C.A. §§ 504, 509, 526, 529, pealing 18 U.S.C.A. § out as a notes under 2339, 2441, 2707 and 3566, ing provisions set out as be cited as the 'Criminal 2002'."

–56, § 1(a), Oct. 26, 2001. This Act [see Tables] cited as the 'Uniting and ng Appropriate Tools errorism' (USA PATRI also known as the Anti

–314, § 1(a), Oct. 30, 2 t [which amended sect , 2252A, 2253, 2254, 36, 3559 of this title; acted sections 1470 to d section 540B of Titl enacted provisions un ction 1470 and 4042; itle 28, and section 14 otection of Children

998, 112 Stat. 520, pro ections 709, 982, 2326, provisions set out as y be cited as the 'Tel 98'."

–294, § 1, Oct. 11, 19 is Act [for classification ay be cited as the 'Te

1996, 110 Stat. 1214, r classification] ma ctive Death Penalty

103–322, Title X, providing that: "This and section 3751 may be cited as a 1994'."

101–647, § 1, Nov "This Act [enacting

section 2057b of Title 15, Commerce and Trade, sections 403, 1032, 1517, 2258, 3059A, 3509 and 4046 of this title, sections 3201 to 3203, and 3233 of Title 20, Education, sections 859 to 862, 888 and 889 of Title 21, Food and Drugs, sections 2844, 3001 to 3015, 3101 to 3105, 3201 to 3205, 3301 to 3308 of Title 28, Judiciary and Judicial Procedure, sections 3759, 3762a, 3762b, 3796aa to 3796aa–8, 3796bb to 3796bb–1, 5779, 5780, 10606, 10607, 13001 to 13004, 13011 to 13014, 13021 to 13042, 13031, 13041, 13051 to 13055 of Title 42, The Public Health and Welfare and section 446 of Title 45, Railroads, and amending sections 12, 14, 20, 114, 115, 209, 212, 213, 215, 219, 232, 245, 402, 510, 513, 648, 655 to 657, 666, 842, 844, 921 to 925, 930, 981, 982, 1004 to 1006, 1014, 1028 to 1030, 1084, 1116, 1168, 1201, 1262, 1341 to 1345, 1365, 1460, 1466, 1467, 1657, 1716A, 1717, 1730, 1761, 1864, 1906, 1952, 1956, 2113, 2114, 2248, 2251 to 2254, 2257, 2313 to 2316, 2318, 3077, 3124, 3142, 3154, 3165, 3166, 3184, 3551, 3572, 3582, 3583, 3611 to 3613, 3621, 3624, 3663, 3742, 4013, 4106A, 4124, 4246, 4285 4352 and 5032 of this title, sections 328, 365, 502, 522 and 523 of Title 11, Bankruptcy, sections 1441a, 1786, 1787, 1818, 1828, 1829, 1831, 1833, 1921 4301 of Title 12, sections 1087ee, 3181, 3182, 3192, 3194 3196, 3212, 3216, 3217, 3224a and 3424b of Title 20, sections 333, 509, 802, 812, 841, 844, 859, 860, 861, 881 and of Title 21, and sections 290aa–6, 2271, 3742, 3751, 3766, 3760, 3761, 3763 to 3766, 3782, 3783, 3789, 3793, 3796, 3796a, and 10601 of Title 42, and section 1903 of the Appendix Title 46, Shipping, redesignating section 3117 of this title, repealing sections 45, 969, 1714, 1718, 2198 and 3286 of this title, and sections 333a and 857 of Title 21, and enacting provisions set out as notes under this section and sections 524, 980, 1001, 2251, 2257, 3141, 3624, 4042, 4046 and of this title and section 523 of Title 11, sections 1818 and of Title 12, section 3766 of Title 20, sections 801, 802, 829 of Title 21, sections 6103, 7203 and 7608 of Title 26, Internal Revenue Code, sections 1, 509, 522, 534, 994 and of Title 28, section 5311 of Title 31, Money and Finance, sections 3721, 3796, 10601 and 10606 of Title 42, and enacting provisions set out as notes under sections 801 and of Title 21] may be cited as the 'Crime Control Act of 1990'.

Amendments. Pub.L. 100–690, Title VII, § 7011, 1988, 102 Stat. 4395, provided that: "This subtitle B of Title VII, §§ 7011 to 7096, of Pub.L. 100–690, classification see Tables volume] may be cited as the 'and Technical Criminal Law Amendments Act of

Amendments. Pub.L. 100–185, § 1, Dec. 11, 1987, 1279, provided that: "This Act [enacting section 19 title, amending sections 18, 3013, 3559, 3571, 3572, 3611, 3612, and 3663 of this title and section 604 of Title diciary and Judicial Procedure, and enacting provisions notes under section 3611 of this title] may be cited 'Criminal Fine Improvements Act of 1987'."

Amendments. Pub.L. 99–646, § 1, Nov. 10, 1986, 100 provided that: "This Act [enacting sections 18, to 2245 (chapter 109A), 4044, and 4045 of this title, as chapter 232A former chapter 232 and as sections the bracketed sections: 17 [20], 513 1855], 2321 [2320], 3681 [3671], and 3682 [3672] of amended sections 3, 113, 115, 201, 203, 209, 219, 645, 666, 875, 1028, 1029, 1111, 1153, 1201, 1512,

3141 to 3144, 3146 to 3148, former section 3150a, sections 3156, 3185, 3522, 3552, 3553, 3556, 3561, 3563, 3564, 3579, 3583, 3603, 3624, 3671 to 3673, 3731, 3742, 4082, 4203, 4214, 4208 to 4210, 4214, 4255, 5003, and 5037 of this title; enacting Rule 29(d) of Fed. Rules of Cr. Proc., amending Rules 12.2(c), 32(c)(2)(B), and 32.1(b) of such Rules and enacting note provisions under Rules 29, 32, and 32.1; amending sections 802, 812, 845, 873, 878, and 881 of Title 21, Food and Drugs; amending sections 524, 992 to 994, and 1921 of Title 28, Judiciary and Judicial Procedure; amending sections 257, 300w–3, 300w–4, 9511, 10601, 10603, and 10604 of Title 42, The Public Health and Welfare; and amending section 1472 of Title 49, Transportation; repealing chapter 99 (sections 2031, 2032) and sections 4216 and 4217 of this title; enacting note provisions under sections 201, 203, 1791, 1792, 2241, 3141, 3143, 3552, 3553, 3556, 3561, 3563, 3564, 3579, 3583, 3603, 3624, 3672, 3673, and 5037 of this title, section 1921 of Title 28, and section 257 of Title 42; amending note provision under section 3551 of this title; and repealing note provision under section 3143 of this title] may be cited as the 'Criminal Law and Procedure Technical Amendments Act of 1986'."

1984 Acts. Pub.L. 98–473, Title II, § 200, Oct. 12, 1984, 98 Stat. 1976, provided that: "This title [Pub.L. 98–473, Title II, §§ 201–2304, Oct. 12, 1984, 98 Stat. 1976–2194] may be cited as the 'Comprehensive Crime Control Act of 1984'." See Tables volume for classifications.

## § 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

(June 25, 1948, c. 645, 62 Stat. 684; Oct. 31, 1951, c. 655, § 17b, 65 Stat. 717.)

## § 3. Accessory after the fact

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years.

(June 25, 1948, c. 645, 62 Stat. 684; Nov. 10, 1986, Pub.L. 99–646, § 43, 100 Stat. 3601; Nov. 29, 1990, Pub.L. 101–647, Title XXXV, § 3502, 104 Stat. 4921; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, §§ 330011(h), 330016(2)(A), 108 Stat.

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearance - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re:  Anthony YANOW | Date  01/11/2005 |
| | File No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| Name | ☐ Petitioner | ☒ Applicant |
| Anthony    YANOW | ☐ Beneficiary | |

| Address  (Apt. No.)          (Number & Street) | (City) | (State) | (ZIP Code) |
| 2252     Verde Oak Drive | Los Angeles | California | 90068 |

| Name | ☐ Petitioner | ☐ Applicant |
| | ☐ Beneficiary | |

| Address  (Apt. No.)          (Number & Street) | (City) | (State) | (ZIP Code) |

*Check applicable item(s) below:*

☒ 1.  I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following
State, territory, insular possession, or District of Columbia    **United States Supreme Court**    and am not under a court or administrative agency
              *Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2.  I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the
United States and which is so recognized by the Board:

☐ 3.  I am associated with
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request.    *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☒ 4.  Others (Explain fully.)
**Michael Maggio is admitted to the District of Columbia Court of Appeals; Alison Brown is admitted to the Maryland Court of Appeals; Elizabeth Quinn is admitted to the Supreme Court of Virginia; Andrés Benach is admitted to the NY Court of Appeals; James Alexander is admitted to the Florida Court of Appeals; Melissa Frisk is admitted to the Maryland Court of Appeals.**

| SIGNATURE | COMPLETE ADDRESS |
| | Maggio Kattar, PC |
| | Maggio & Kattar, 11 Dupont Circle, N.W., 775 |
| | Washington          DC   20036 |

| NAME (Type or Print) | TELEPHONE NUMBER |
| Michael Maggio | 202-483-0053      202-483-6801 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED
ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND
NATURALIZATION SERVICE SYSTEM OF RECORDS.*
**Michael Maggio, Alison J. Brown, Elizabeth Quinn, Andres Benach, James Alexander**
**Michael Maggio  MAGGIO KATTAR, 11 Dupont Circle NW, Ste. 775, Washington, DC  20036**
                                        *(Name of Attorney or Representative)*

*THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
**ALL MATTERS BEFORE THE CITIZENSHIP AND IMMIGRATION SERVICES; THE U.S. DEPARTMENT OF LABOR; AND THE U.S. DEPARTMENT OF STATE.**

| Name of Person Consenting | Signature of Person Consenting | Date |
| Anthony Yanow | | 1·28·05 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09-26-00)Y

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

**Notice of Action**

| A# A79-532-274 | Application/Petition 1-90 Application to Replace Alien Registration Card |
|---|---|
| Receipt # WAC0480017977 | Applicant/Petitioner ANTHONY YANOW |
| Notice Date November 29, 2004 | Page 1 of 2 | Beneficiary |

ANTHONY YANOW
2252 VERDE OAK DRIVE
LOS ANGELES CA 90069-

**Request for Evidence**

IMPORTANT: WHEN YOU HAVE COMPLIED WITH THE INSTRUCTIONS ON THIS FORM, RESUBMIT THIS NOTICE ON TOP OF ALL REQUESTED DOCUMENTS AND/OR INFORMATION TO THE ADDRESS BELOW. THIS OFFICE HAS RETAINED YOUR PETITION/APPLICATION WITH SUPPORTING DOCUMENTS.

THE INFORMATION REQUESTED BELOW MUST BE RECEIVED BY THIS OFFICE NO LATER THAN EIGHTY-FOUR (84) DAYS FROM THE DATE OF THIS NOTICE. IF YOU DO NOT PROVIDE THE REQUESTED DOCUMENTATION WITHIN THE TIME ALLOTTED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED PURSUANT TO 8 C.F.R. 103.2(B)(13) AND, AS SUCH, WILL BE DENIED.

CSC 14091 WS 22165 DIV V

# RETURN THIS NOTICE ON <u>TOP</u> OF THE REQUESTED INFORMATION LISTED ON THE ATTACHED SHEET.

<u>Note:</u> You are given until **February 27, 2005** in which to submit the information requested.

Pursuant to 8 C.F.R. 103.2(b)(11) failure to submit <u>ALL</u> evidence requested <u>at one time</u> may result in the denial of your application.

For more information, visit our website at **www.uscis.gov**

Or call us at 1-800-375-5283

Telephone service for the hearing impaired: 1-800-767-1833

You will be notified separately about any other applications or petitions you filed. Save a photocopy of this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

U.S. CITIZENSHIP AND IMMIGRATION SERVICES
CALIFORNIA SERVICE CENTER
P.O. BOX 10090
LAGUNA NIGUEL, CA 92607-1009

(949) 831-8427

11/10/2003   WAC-04-800-17977 WACEZCOM

Form I-797 (1/00)

Please see additional information on the back.

Wac0480017977            )                    )
Page 2                                        )


**POLICE CLEARANCES: USCIS** records show that you have police records or Immigration records.  If you have been arrested or convicted, please submit certified copies of all arrest reports and any final court dispositions on all court cases.



| | Immigration | 11 Dupont Circle, NW | 202.483.0053 tel |
| MAGGIO KATTAR | and | Suite 775 | 202.483.6801 fax |
| | Nationality Attorneys | Washington, DC 20036 | www.maggio-kattar.com |

### *VIA FEDERAL EXPRESS*
### *8465 1789 1227*

February 9, 2005                                    Our File Number:  04-073

U.S. Department of Homeland Security
United States Citizenship and Immigration Services
California Service Center
24000 Avila Road, 2nd Floor, Room 2302
Laguna Niguel, CA 92677

**RE:     A79 532 274**
**        Receipt Number:  WAC048001 7977**
**        Anthony YANOW**

Dear Sir or Madam:

In response to your request for evidence form I-797, a copy of which is enclosed, please also find transmitted a copy of the complaint in Mr. Yanow's pending criminal case and evidence that this case remains pending.  This evidence shows that Mr. Yanow has **not** been convicted and that therefore his permanent resident status is not subject to challenge.

Our firm's Notice of Entry of Appearance form G-28 is also enclosed.

Please let us know if you have further concerns of questions.

Respectfully submitted,

MAGGIO KATTAR

Michael Maggio
Enclosure:     As Stated.  (2

cc:     Anthony Yanow

Michael Maggio          Andrés C. Benach*     *Not admitted in
Alison J. Brown*        James Alexander*        Washington, DC
Elizabeth A. Quinn*

Feb 04 05 04:38p      1! , Leader   Building                    P.

Baughman

# U.S. District Court
## Northern District of Ohio (Youngstown)
### CRIMINAL DOCKET FOR CASE #: 4:03-cr-00075-SO-1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case title: USA v. Yanow                        Date Filed: 02/20/2003
Other court case number: 1:03-mj-00389 CDCA INTERIN

Assigned to: Judge Solomon Oliver, Jr

**Defendant**

**Anthony Yanow** (1)                    represented by   **Albert A. Giuliani**
*doing business as*                                       1540 Leader Bldg.
Hot Comet Enterprises, Inc.                               526 Superior Avenue
*doing business as*                                       Cleveland, OH 44114
Puff Pipes                                                Email: aag@giuliani-law.com
*doing business as*                                       *LEAD ATTORNEY*
Atomospheres Lifestyles of LA                             *ATTORNEY TO BE NOTICED*
*doing business as*                                       Designation: Retained
Puffpipes.com
                                                          ·**Eric D. Shevin**
                                                          Ste. 720
                                                          9000 Sunset Blvd.
                                                          West Hollywood, CA 90069
                                                          310-273-1300
                                                          Fax: 310-273-1362
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          Designation: Retained

**Pending Counts**                       **Disposition**

21:846 Conspiracy to sell drug
paraphernalia
(1)

Conspiracy to Distribute Controlled
Substance in violation of Title 21,
United States Code, Section 846
(1s)

21:863(a)(1) and 863(b) Sale of drug
paraphernalia
(2-3)

Mail Order Drug Paraphrnalia in
violation of Title 21, United States
Code, Sections 863 (a) (1) and 863 (b)

Feb 08 05 02:00p        15'    Leader Building                                    p.

Northern District of Ohio - Docket Report                          Page 2 of 8

(2s)

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**United States of America**                represented by **Joseph M. Pinjuh**
                                            Office of the U.S. Attorney
                                            Northern District of Ohio
                                            801 Superior Avenue, W
                                            Cleveland, OH 44113
                                            216-622-3771
                                            Fax: 216-522-7499
                                            Email: joseph.pinjuh@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/26/2005 | 63 | Motion to Extend Treatment at the Mayo Clinic until February 4, 2005 by Anthony Yanow. (Giuliani, Albert) (Entered: 01/26/2005) |
| 01/26/2005 | 62 | Response by United States of America to Motion Supplement to Defendant Yanow's Motion to Adjourn the Proceedings59 as to Joseph Zachary Adelman, Anthony Yanow *Government's Supplemental Response to Yanow's Motion to Adjourn the Proceedings* (Attachments: # 1 DEA Report# 2 Westlaw Cites 110.01 110.02# 3 Westlaw Cite 103900)(Pinjuh, Joseph) (Entered: 01/26/2005) |
| 01/17/2005 | 61 | Supplement to 51 Motion to Continue *The Proceedings and Memorandum Of Law In Support* as to Anthony Yanow (Attachments: # 1 Exhibit Chow Letter# 2 Exhibit Affidavit of Albert Giuliani)(Giuliani, Albert) (Entered: 01/17/2005) |
| 01/17/2005 | 60 | Reply to response to Motion to Continue *The Proceedings and Memorandum Of Law In Support*51 as to Anthony Yanow (Giuliani, Albert) (Entered: 01/17/2005) |

Feb 04 05 04:39p    15·    Leader Building                    P.

| | | |
|---|---|---|
| 01/11/2005 | 59 | Supplement to Defendant Yanow's Motion to Adjourn the Proceedings by Anthony Yanow. (Attachments: # 1 Exhibit 12-17-04 Letter from Dr. Chow# 2 Exhibit Affidavit of Albert A. Giuliani)(Giuliani, Albert) (Related document#[51] Modified text, wrong event used, motion terminated- link added, attorney notified by email on 1/13/2005 (E, P). (Entered: 01/11/2005) |
| 01/07/2005 | 58 | Response by United States of America in opposition to Motion to Dismiss *Superseding Indictment and Memorandum in Support*[52] as to Joseph Zachary Adelman, Anthony Yanow (Pinjuh, Joseph) (Entered: 01/07/2005) |
| 01/07/2005 | 57 | Marginal Order granting 56 Motion to Travel to the Mayo Clinic in Rochester, Miinnesota from Jan. 11 - 25, 2005, for medical attention, as to Anthony Yanow (1). Signed by Judge Solomon Oliver Jr. on 1/7/2005. (D, M) Modified on 1/10/2005 (D, M). (Entered: 01/07/2005) |
| 01/05/2005 | 56 | Unopposed Motion to Travel *to the Mayo Clinic for Medical Care* by Anthony Yanow. (Giuliani, Albert) (Entered: 01/05/2005) |
| 01/05/2005 | 55 | Response by United States of America to Motion To Join In Defendant Yanow's Motion To Adjourn Proceedings And Memorandum In Support [53] as to Joseph Zachary Adelman, Anthony Yanow (Pinjuh, Joseph) (Entered: 01/05/2005) |
| 01/05/2005 | 54 | Response by United States of America to Motion To Join In Defendant Yanow's Motion To Adjourn Proceedings And Memorandum In Support [53], Motion to Continue *The Proceedings and Memorandum Of Law In Support*51 as to Joseph Zachary Adelman, Anthony Yanow (Attachments: # 1 Music.com Credits)(Pinjuh, Joseph) (Entered: 01/05/2005) |
| 12/09/2004 | 51 | Motion to Continue *The Proceedings and Memorandum Of Law In Support* by Anthony Yanow. (Attachments: # 1 Exhibit Phillip Levine, M.D. Medical Report)(Giuliani, Albert) (Entered: 12/09/2004) |
| 09/10/2004 | 46 | Minutes of proceedings before Judge Solomon Oliver Jr. A Pretrial Conference as to Anthony Yanow and Joseph Zachary Adelman was held on 9/10/2004. Jury Trial set for 2/28/2005, at 9:00 AM in Chambers 17A before Hon. Solomon Oliver Jr. The Defendants have until 12/15/2004, to file a motion to dismiss the Indictment, opposition is due 1/10/2005, and replies are due 1/17/2005. (Court Reporter Cynthia Lee) (D, M) (Entered: 09/10/2004) |
| 09/08/2004 | | Order (non-document) granting 43 44 Motions to allow Defendants attend pretrial by telephone. Defendants must be available by telephone if needed. Entered by Judge Solomon Oliver Jr. on 9/8/2004. (D, M) (Entered: 09/08/2004) |
| 08/25/2004 | 45 | Unopposed Motion to Continue *Trial* by United States of America as to Anthony Yanow, Joseph Zachary Adelman. (Pinjuh, Joseph) (Entered: 08/25/2004) |
| | | |

Feb 04 05 04:39p      15      Leader Building                              p.

| | | |
|---|---|---|
| 08/25/2004 | 44 | Motion to Attend September 9, 2004 Pretrial Via Telephone Conference by Anthony Yanow. (Attachments: # 1 Exhibit Dr. Levine Letter) (Giuliani, Albert) Modified text on 8/26/2004 (E, P). (Entered: 08/25/2004) |
| 08/24/2004 | 43 | Motion To Allow Defendant to Attend Pretrial Conference Via Telephone Conference by Anthony Yanow. (Attachments: # 1 Exhibit Dr. Levine Letter)(Giuliani, Albert) Modified text, document not signed, attorney notified to refile on 8/25/2004 (E, P). (Entered: 08/24/2004) |
| 08/17/2004 | 42 | Marginal Order granting 40 Motion to Continue as to Anthony Yanow (1) and Joseph Zachary Adelman (2). Final Pretrial Conference set for 9/9/2004, at 2:00 PM and Jury Trial set for 11/29/2004, at 9:00 AM in Chambers 17A before Hon. Solomon Oliver Jr. Signed by Judge Solomon Oliver Jr. on 8/17/2004.(D, M) (Entered: 08/17/2004) |
| 08/03/2004 | 41 | Response in Opposition by United States of America as to Anthony Yanow, Joseph Zachary Adelman re 40 Motion to Continue *the Trial Date for 120 Days* (Pinjuh, Joseph) (Entered: 08/03/2004) |
| 08/02/2004 | 40 | Joint Motion to Continue *Trial Date To Further "The Ends Of Justice" And Memorandum In Support* by Joseph Zachary Adelman as to Anthony Yanow, Joseph Zachary Adelman. (Lonardo, Angelo) (Entered: 08/02/2004) |
| 07/15/2004 | 39 | Notice of Consent by Anthony Yanow, after consulting with and on the advice of counsel, consents to and agrees to the above request and waives his right to personally appear at the arraignment on the superceding indictment re 33 Order on Motion for Special Appearance (M, M) (Entered: 07/15/2004) |
| 07/13/2004 | 37 | Trial Order as to Anthony Yanow and Joseph Zachary Adelman. Jury Trial set for 9/8/2004, at 9:00 AM and final pretrial conference set for 8/24/2004, at 10:00 AM in Chambers 17A before Hon. Solomon Oliver Jr. Trial documents are to be submitted to the court not later than 4:00 p.m. on 9/6/2004; Discovery shall be completed by 8/11/2004; Pretrial motions shall be filed by 8/16/2004; and Responses to pretrial motions shall be filed by 8/30/2004. Signed by Judge Solomon Oliver Jr. on 7/13/2004. (D, M) (Entered: 07/13/2004) |
| 07/09/2004 | 35 | Minutes of proceedings before Judge Nancy A. Vecchiarelli. Video Arraignment as to Anthony Yanow (1) Count 1,1s,2-3,2s held on 7/9/2004. Defendant present with counsel, Sara Kaplan, at USDC, Rm 890, 255 E. Temple St., Los Angeles, CA 90012. Defendant plead not guilty to superceding indictment. Defendant's bond continued. (Court Reporter Julie Knabe) (M, M) (Entered: 07/09/2004) |
| 07/08/2004 | 33 | Ordergranting 31 Motion for Special Appearance as to Anthony Yanow. Video arraignment scheduled for 7/9/04 at 1:00 p.m. before Judge Vecchiarelli (1). Signed by Judge Nancy A. Vecchiarelli on 07/08/04. (M, M) (Entered: 07/08/2004) |
| 07/02/2004 | 31 | Motion for Special Appearance *at Arraignment by Video Conference* by |

Feb 04 05 04:40p     15   Leader Building                              p...

Northern District of Ohio - Docket Report                    Page 6 of 8

| | | |
|---|---|---|
| 09/02/2003 | 19 | MOTION by Anthony Yanow to continue pretrial and trial date oral hrg requested (4 pgs) (C,B) (Entered: 09/03/2003) |
| 08/18/2003 | | MARGINAL ENTRY granting motion by deft to cont pretrial [18-1] ; final pretrial/chage of plea set for 1:30 p.m. on 9/11/03, Mot for hrg to be held by video confr is denied. counsel & party must attend in person for Anthony Yanow (issued on 8/18/03) Judge Solomon Oliver Jr. (E,P) (Entered: 08/19/2003) |
| 08/18/2003 | 18 | MOTION/NOTICE by deft to cont pretrial ( 3 pgs) (E,P) (Entered: 08/19/2003) |
| 07/29/2003 | | MARGINAL ENTRY granting deft's motion to continue trial [17-1] ;final pretrial conference set for 2:00 p.m. on 8/20/03 trial reset for 9:00 a.m. on 9/29/03 for Anthony Yanow (issued) Judge Solomon Oliver Jr. (S,J) (Entered: 07/31/2003) |
| 07/22/2003 | 17 | MOTION to continue trial by deft Anthony Yanow ( 3 pgs) (S,J) (Entered: 07/31/2003) |
| 07/01/2003 | 16 | STIPULATION and order re: continuance of pretrial hrg by Judge Solomon Oliver Jr. ; final pretrial conference/change of plea is set for 11:00 a.m. on 7/29/03 for dft Anthony Yanow ( 3 pgs) (B,B) (Entered: 07/03/2003) |
| 06/13/2003 | 15 | STIPULATION and Order re: modification of pt release conds to allow deft to travel to Canada between the dates of 6/17/03 through 6/25/03 and also to Vancouver, Canada between the dates of 7/24/03 through 7/29/03 Approved by Judge Solomon Oliver Jr. ( 3 pgs) (E,P) (Entered: 06/16/2003) |
| 06/02/2003 | 14 | ARREST Warrant returned executed as to dft Anthony Yanow; dft arrested on 3/18/03 (1 pg) (S,R) Modified on 08/14/2003 (Entered: 06/02/2003) |
| 05/27/2003 | | MARGINAL ENTRY order granting mot by deft to continue trial [13-1]. Final pretrial set for 11:00 a.m. on 6/24/03 and trial set for 9:00 a.m. on 8/11/03. (issd 5/27/03) Judge Solomon Oliver Jr. (V,K) (Entered: 05/28/2003) |
| 05/13/2003 | 13 | MOTION by deft to continue trial. (3 pgs) (V,K) (Entered: 05/28/2003) |
| 04/08/2003 | | MARGINAL ENTRY granting mot by dft Anthony Yanow to continue trial [12-1]; pretrial conf set for 1:30 p.m. on 5/22/03 for Anthony Yanow; jury trial set for 9:00 a.m. on 6/23/03 for Anthony Yanow (issd 4/8/03) Judge Solomon Oliver Jr. (M,J A A) Modified on 04/23/2003 (Entered: 04/10/2003) |
| 03/27/2003 | | MARGINAL ENTRY granting motion for attorney Eric D. Shevin to appear pro hac vice [7-1] (issued on 3/27/03) Judge Solomon Oliver Jr. (S,R) (Entered: 03/28/2003) |
| 03/26/2003 | 12 | MOTION by deft Anthony Yanow to continue trial ( 4 pgs) (M,J A A) (Entered: 04/10/2003) |

Feb 04 05 04:40p     15,,3  Leader  Building                                    P.

Northern District of Ohio - Docket Report                              Page 7 of 8

| 03/24/2003 | 11 | MAIL Returned addressed to defendant Anthony Yanow re: notice of arraignment (undeliverable) (S,R) (Entered: 03/25/2003) |
|---|---|---|
| 03/18/2003 | 10 | WAIVER of Personal Appearance by defendant Anthony Yanow ( 1 pgs) (C,E E) (Entered: 03/18/2003) |
| 03/18/2003 | 9 | MINUTES: before Mag. Judge David S. Perelman; dft Anthony Yanow arraigned; Not Guilty plea entered; Atty Eric Shevin (retain cnsl) present; Bond set to Personal Recognizance with PSA. Court reporter: Colleen Gallagher (issd 3/18/03) (1 pg) (C,E E) Modified on 04/23/2003 (Entered: 03/18/2003) |
| 03/14/2003 | 7 | MOTION for attorney Eric D. Shevin to appear pro hac vice by Anthony Yanow ( 4pgs+2 exh pgs) (S,R) (Entered: 03/14/2003) |
| 03/12/2003 | 8 | CRIMINAL PRETRIAL ORDER by Judge Solomon Oliver Jr: Jury trial sched for 4/30/03 at 9:00a.m. for Anthony Yanow ; Final pretrial sched for 4/8/03 at 2:30; discovery ddl 4/1/03; pretrial motion ddl 4/7/03; responses to pretial motions due 4/21/03; trial documnets to be filed by 4:00 on 4/25/03 (issued on 3/12/03) 4 pg(s) (S,R) (Entered: 03/18/2003) |
| 03/07/2003 | 6 | RULE 40 Documents received from District of California as to defendant Anthony Yanow (S,R) (Entered: 03/07/2003) |
| 03/06/2003 | 5 | NOTICE of arraignment set for 1:00 p.m. on 3/6/03 as to Anthony Yanow in room 11A, before Mag. Judge Perelman (issd 3/6/03) (1 pg) (C,E E) Modified on 04/23/2003 (Entered: 03/07/2003) |
| 02/21/2003 | 4 | POST-INDICTMENT RESTRAINING ORDER by Judge Solomon Oliver Jr. [3-1] 3 pg(s) (seal) (Entered: 02/24/2003) |
| 02/20/2003 | 3 | APPLICATION by plaintiff USA for post indictment restraining order (3 pgs) (seal) (Entered: 02/24/2003) |
| 02/20/2003 | 2 | ORDER by Mag. Judge David S. Perelman sealing case. To be unsealed upon arrest 1 pg(s) (S,R) (Entered: 02/21/2003) |
| 02/20/2003 | | ASSIGNMENT OF MAGISTRATE JUDGE to Mag. Judge William H. Baughman pursuant to Local Rule 57.9 assignment of cases. In the event of referral, this case will be referred to the Magistrate Judge noted. (pgs: 1) (S,R) (Entered: 02/21/2003) |
| 02/20/2003 | 1 | INDICTMENT by USA Counts filed against Anthony Yanow (1) counts 1, 2-3 (1 pg) (S,R) (Entered: 02/21/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2005 12:02:43 | | |
| **PACER Login:** | ag0632 | **Client Code:** | yanow |
| **Description:** | Docket Report | **Search Criteria:** | 4:03-cr-00075-SO |

Feb 04 05 04:41p        1F 7  Leader  Building                    p.

Northern District of Ohio - Docket Report                    Page 8 of 8

| Billable Pages: | 5 | Cost: | 0.40 |

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearance** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: **Anthony YANOW** | Date **01/11/2005** |
|---|---|
| | File No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| Name **Anthony   YANOW** | ☐ Petitioner   ☒ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address  (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|
| **2252** | **Verde Oak Drive** | **Los Angeles** | **California** | **90068** |

| Name | ☐ Petitioner   ☐ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address  (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|

Check applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia **United States Supreme Court** and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request.    *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☒ 4. Others (Explain fully.)
**Michael Maggio is admitted to the District of Columbia Court of Appeals; Alison Brown is admitted to the Maryland Court of Appeals; Elizabeth Quinn is admitted in the Supreme Court of Virginia; Andrés Benach is admitted to the NY Court of Appeals; James Alexander is admitted to the Florida Court of Appeals; Melissa Frisk is admitted to the Maryland Court of Appeals.**

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | **Maggio Kattar, PC** |
| | **Maggio & Kattar, 11 Dupont Circle, N.W., 775** |
| | **Washington                   DC   20036** |
| NAME (Type or Print) | TELEPHONE NUMBER |
| **Michael Maggio** | **202-483-0053       202-483-6801** |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
**Michael Maggio, Alison J. Brown, Elizabeth Quinn, Andres Benach, James Alexander**
**Michael Maggio  MAGGIO KATTAR, 11 Dupont Circle NW, Ste. 775, Washington, DC  20036**
(Name of Attorney or Representative)
*THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
**ALL MATTERS BEFORE THE CITIZENSHIP AND IMMIGRATION SERVICES; THE U.S. DEPARTMENT OF LABOR; AND THE U.S. DEPARTMENT OF STATE.**

| Name of Person Consenting **Anthony Yanow** | Signature of Person Consenting | Date **1.28.05** |
|---|---|---|

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.                                    Form G-28 (09-26-00)Y

THIS IS NOT CORRESPONDENCE.

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

Notice of Action

| A# A79-532-274 | Application/Petition I-90 Application to Replace Alien Registration Card |
|---|---|
| Receipt # WAC0480017977 | Applicant/Petitioner ANTHONY YANOW |
| Notice Date November 29, 2004 | Page 1 of 2 | Beneficiary |

ANTHONY YANOW
2252 VERDE OAK DRIVE
LOS ANGELES CA 90068-

Request for Evidence

IMPORTANT: WHEN YOU HAVE COMPLIED WITH THE INSTRUCTIONS ON THIS FORM, RESUBMIT THIS NOTICE ON TOP OF ALL REQUESTED DOCUMENTS AND /OR INFORMATION TO THE ADDRESS BELOW. THIS OFFICE HAS RETAINED YOUR PETITION/APPLICATION WITH SUPPORTING DOCUMENTS.

THE INFORMATION REQUESTED BELOW MUST BE RECEIVED BY THIS OFFICE NO LATER THAN EIGHTY-FOUR (84) DAYS FROM THE DATE OF THIS NOTICE. IF YOU DO NOT PROVIDE THE REQUESTED DOCUMENTATION WITHIN THE TIME ALLOTTED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED PURSUANT TO 8 C.F.R. 103.2(E)(13) AND, AS SUCH, WILL BE DENIED.

CSC 14091 WS 22165 DIV V

RETURN THIS NOTICE ON **TOP** OF THE REQUESTED INFORMATION LISTED ON THE ATTACHED SHEET.

Note: You are given until **February 27, 2005** in which to submit the information requested.

Pursuant to 8 C.F.R. 103.2(b)(11) failure to submit **ALL** evidence requested **at one time** may result in the denial of your application.

For more information, visit our website at **www.uscis.gov**

Or call us at 1-800-375-5283

Telephone service for the hearing impaired: 1-800-767-1833

You will be notified separately about any other applications or petitions you filed. Save a photocopy of this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

U.S. CITIZENSHIP AND IMMIGRATION SERVICES
CALIFORNIA SERVICE CENTER
P.O. BOX 10090
LAGUNA NIGUEL, CA 92607-1009

(949) 831-8427



11/10/2003   WAC-04-800-17977 WACEZC01

Form I-797 (1/00)

Please see additional information on the back.

Wac0480017977 )                    )
Page 2

**POLICE CLEARANCES:** USCIS records show that you have police records or Immigration records. If you have been arrested or convicted, please submit certified copies of all arrest reports and any final court dispositions on all court cases.

ATTACHEMENT TO I-797                    CSC 14901/WS 22189 DIV V 06/22/04

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.

**FedEx** Express
**US Airbill**

SPH23

Sender's Copy

FedEx Tracking Number  8542 2139 1980

Form 0215

**1 From** Please print and press hard.

Date 10/26/05    Sender's FedEx Account Number  1009-6672-7

Sender's J. Tamayb    Phone ( 202 ) 483-0353

Company MAGGIO & KATTAR PC

Address 11 DUPONT CIR NW STE 775

City WASHINGTON    State DC    ZIP 20036-1230

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**
Recipient's Name

Company USCIS - California Service Center

Recipient's Address 24000 Avila Rd, 2nd Floor Rm 2302

City Laguna Niguel    State CA    ZIP 92677

03177225025

**4a Express Package Service** To add SATURDAY Delivery, see Section 6.

- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service** To add SATURDAY Delivery, see Section 6.

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**

- [X] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling** Include FedEx address in Section 3.

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?

- [X] No
- [ ] Yes (Shipper's Declaration not required)
- [ ] Yes (Shipper's Declaration)
- [ ] Dry Ice

**7 Payment** Bill to:

- [X] Sender Acct No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

**Total Packages**  1    **Total Weight**    **Total Declared Value†** $ .00

**8 NEW Residential Delivery Signature Options**

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519